UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JAMES W. GROOMS, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-314 |
| | ) | |
| CITY OF MORRISTOWN, TN., | ) | |
| ROGER OVERHOLT; VICKIE ARNOLD; | ) | |
| JENNY BALL; CHRISTIAN NEWMAN; | ) | |
| RON SERGEANT; JOHN DOE; | ) | |
| HAMBLEN COUNTY, TN; ESCO | ) | |
| JARNIGAN; KEN SHRADE; RONNIE | ) | |
| INMAN; F/N/U COFFEY; JOHN | ) | |
| HARVEY; JASON SIZEMORE; CHAD | ) | |
| GROOMS; RICHARD ROE; and | ) | |
| JANE DOE | ) | |

**MEMORANDUM and ORDER**

Acting *pro se*, James W. Grooms, Jr., brings this civil rights action under 42 U.S.C. § 1983, alleging that he was subjected to unreasonable and excessive force during his arrest, his subsequent detention at the Morristown, Tennessee Police Department station, and his brief confinement thereafter in the Hamblen County Detention Center. All defendants, save John Doe, Richard Roe, Jane Doe have filed motions to dismiss and briefs in support, (Docs. 19-22). Defendants City of Morristown, Roger Overholt, Vickie Arnold, Jenny Ball, Christian Newman, and Ron Sergeant, appearing specially, argue in their motion that plaintiff has failed to serve process timely and that his claims are time-barred, (Docs. 19, 20). Likewise making

a special appearance are defendants Ken Shrade, F/N/U Coffey, Jason Sizemore, Chad Grooms, and Hamblen County, who argue in their motion that they have not been served with process, and defendants Esco Jarnigan, Ronnie "Rookie" Inman, and John Harvey, who suggest that they have been insufficiently served with process, (Docs. 21, 22). Plaintiff has responded in objection to defendants' motions, (Doc. 24). The Court has divided defendants' arguments into three categories for ease of discussion.

**1. 120-Day Rule**

Generally, Rule 4(m) of the Federal Rules of Civil Procedure allows a court to dismiss an action against a defendant if a plaintiff fails to accomplish service of process upon that defendant within 120 days after the complaint is filed.[1] In this case, however, plaintiff is proceeding *in forma pauperis* and his complaint, before it could be served, was required by statute to be screened to determine whether his allegations were cognizable or whether there existed certain grounds for dismissal. 28 U.S.C. § 1915(e)(2); *Benson v. O'Brian*, 178 F.3d 1014, 1016 (6th Cir. 1999) (noting that screening provision in § 1915(e)(2) applies to cases filed *in forma pauperis*). Thus,

---

[1] Rule 4 (m) reads, in relevant part: "**Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

2

any delay in service which occurred before the complaint was screened was due to the statute, not to plaintiff's sloth.

Under these circumstances, the Court *nunc pro tunc* finds good cause for any delay and will not dismiss this case under Rule 4(m)'s 120-day rule.

## 2. Failure to Comply with Order

Defendants also argue that the case is due to be dismissed because of plaintiff's failure to comply with the Court's order.

After the complaint was screened, as defendants point out, the Court directed the Clerk to issue plaintiff service packets (each containing a blank summons and USM 285 form) for each identified defendant and ordered him to complete and return the service packets within twenty days of the order, (Doc. 5). The record indicates that, within that twenty-day period, plaintiff mailed the packets back to the Clerk's office, but that, since he had failed to supply addresses for any of defendants on the summonses, the packets were returned to him, (Docket Entry of May 31, 2011). A little more than two weeks later, i.e., on June 16, 2011, summonses for eleven defendants were issued and forwarded to the United States Marshal's office for service, (Docket Entry of June 16, 2011).

On July 5, 2011, summonses were returned executed on defendants Inman, Sergeant, Arnold, Overholt, Ball, Jarnigan, Newman, and Harvey, but returned

3

unexecuted on defendants Shrade, Sizemore, and Grooms, (Docs. 8-18). Defendant Coffey, whose first name is listed as F/N/U (First Name Unknown) in the caption of the case, was not served.

The Court has discovered why that is so. Plaintiff completed and returned one summons and one USM-285 form sent to him by the Clerk's Office, listing the name of the defendant to be served as "Ronnie Inman; F/N/V Coffey." Next, the summons and USM-285 form were sent to the U.S. Marshal's Office for service. As reflected on the return receipt green card, the summons and USM-285 form then were sent to Ronnie Inman, not to F/N/U Coffey—and properly so, because two defendants may not be served using one summons and one USM-285 form.

In plaintiff's response to the motions, he claims that he never received the order directing him to complete and return the service packets within twenty days of May 9, 2011, because on that date and until July 15, 2011, he was confined in the Hawkins County jail and the Hamblen County jail.

First of all, in the order plaintiff claims not to have received due to his incarceration, he was ordered to inform the Court of any address change within ten (10) days following such change and was cautioned that his failure to do so would result in a dismissal of this action for failure to prosecute. Plaintiff now has been made aware

4

of that directive and that warning and the Court expects that he will adhere to that directive and heed that warning henceforth.

Secondly, plaintiff's suggestion that he could not comply with the Court order because he was confined from its issuance date until July 15, 2011, rings odd, considering: 1) that the packets were received by the Clerk's Office on May 31, 2011, 2) that they were returned to plaintiff that same day because they were missing addresses for defendants, and 3) that, on July 5, 2011—ten days before plaintiff claims to have been released from jail, all eleven summonses were returned to the Clerk's office.

But be that as it may, plaintiff returned the service packets on the twentieth day, as required, but they were mailed back to him because they were improperly completed. The Court has no reason to believe that any delay in the receipt of properly-completed service packets by the Clerk's office is due to anything except an inadvertent omission. The short delay occasioned by what seems to be a mistake on the part of this *pro se* plaintiff is understandable, excusable, and furnishes no basis for a dismissal of his entire case.

### 3. Statute of Limitations

Defendants' first argument in this category is that, if this case is dismissed and plaintiff is permitted to re-file it, Tennessee's one-year statute of limitations which

governs his claims will have lapsed. As discussed in the previous sections of this memorandum, this action is not being dismissed and defendants' argument is **MOOT**.

The final argument offered by defendants is that plaintiff cannot rely on the filing of his federal complaint to toll the statute of limitations, because Rule 3 of the Tennessee Rules of Civil Procedure says otherwise. Rule 3 provides that, with certain exceptions, where process remains unissued for 90 days or is not served within 90 days from issuance, a plaintiff cannot rely upon the filing of the complaint to toll the running of the statute of limitations.

It is true that the civil rights statutes do not provide a statute of limitations and that federal courts borrow the most closely analogous state statute of limitations for claims arising in that state which are filed under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). But it is also true that the Federal Rules of Civil Procedure govern in a federal forum where the issue is one of federal law. *Henderson v. United States*, 517 U.S. 654, 656 (1996) ("We hold that, in actions arising under federal law, commenced in compliance with the governing statute of limitations, the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules."). Plaintiff filed this federal action timely on December 4, 2008, within one year of December 6

-7, 2008—the dates his claims for relief arose. Therefore, regardless of the dictates of Tennessee Rule of Civil Procedure 3, this lawsuit was timely filed.

For the reasons discussed above, defendants' motion to dismiss (Doc. 21) is **DENIED**.

However, there is one last matter. Because service was returned unexecuted on defendants Shrade Sizemore, and Grooms and because defendants John Doe, Richard Roe, Jane Doe, and F/N/U Coffey were not served, plaintiff is **ORDERED** to inform the Court, within ten (10) days of the date of entry of this order, as to whether, and when, he will be able to supply the information necessary to execute service upon those defendants. If plaintiff fails to respond to this order in a timely manner, those particular defendants will be dismissed from this action.

**SO ORDERED**.

**ENTER**.

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE