UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| JAMES W. GROOMS, JR. | ) |
| | ) |
| v. | ) NO. 2:08-CV-314 |
| | ) |
| CITY OF MORRISTOWN, TENNESSEE, | ) |
| ROGER OVERHOLT, VICKIE ARNOLD, | ) |
| JENNY BALL, CHRISTIAN NEWMAN, | ) |
| RON SERGEANT, ESCO JARNIGAN, | ) |
| RONNIE INMAN, JOHN HARVEY, | ) |
| and JAMES COFFEY | ) |

## MEMORANDUM and ORDER

This *pro se* civil rights action under 42 U.S.C. § 1983 is before the Court upon defendants' joint motion to dismiss this case, based on plaintiff's failure to comply with the Court's order and his failure to participate fully in the discovery process, (Doc. 61). In the prior order, (Doc. 58), the Court discussed defendants' attempts to secure full and complete answers to the Interrogatories and to other discovery requests which they had forwarded to plaintiff.[1] Defendants contended that plaintiff had not produced documents in response to their discovery requests for such. They further contended that, while partial Interrogatory responses were received from plaintiff, no responses to defendant City of Morristown, Tennessee's discovery requests were received.

---

[1] In one such attempt, defendants sent plaintiff, who is under house arrest, stamped envelopes in which to return the completed Interrogatories. This occurred when plaintiff advised defendants that he had "no postage or envelopes," (Doc. 57 at 3).

The order granted defendants' motion to compel, and ordered plaintiff to respond fully, within five days of the order, to each Interrogatory and each request for production of documents.

Though the only response called for by the order was for plaintiff to answer fully the Interrogatories and to comply with requests to produce documents, plaintiff instead has chosen to submit an out-of-time response to the defendants' motion to compel, combined with a response to the motion for joinder in the motion to compel and the order granting the motion, (Doc. 62).

Because plaintiff's response to the motion to compel is untimely, the Court could disregard it. Even if the submission is not disregarded, the reasons plaintiff offers for his failure fully to participate in discovery are unavailing. Plaintiff's declaration that his refusal to sign and have notorized the medical release form forwarded to him by defendants is moot is not an acceptable reason for failing to sign the form. Besides, mootness is not a determination to be made by a *pro se* plaintiff but, instead, by a judicial officer.

Moreover, in his response, plaintiff charges that defendants are "trying to misrepresent the facts to the Court" and have made false statements concerning the medical records (*id.* at 1, 2), but he has not signed his motion under penalty of perjury, whereas defendants' motion was signed by attorneys who, thereby, have certified that the factual contentions contained in their motion "have evidentiary support," *see* Fed. R. Civ. P. 11, so as to subject them to the Court's inherent authority to sanction them for acting in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-52 (1991). Plaintiff should

exercise caution in making charges of false statements against an opposing party, without some kind of evidentiary support for such allegations.

Plaintiff also proposes that, if defendants "need more answers" to their Interrogatories, the Court should have the defendants send back the Interrogatories, which are in their "custody," and he will respond to the best of his ability, (Doc. 62 at 2-3). In a related argument, plaintiff asserts that defendants are responsible for any insufficient answers he submitted to their Interrogatories, as it is they who failed to send the documents back to him "to work on," rather than to resort to court intervention (*id.* at 3-4).

To state the obvious, the order granting the motion to compel required plaintiff "to respond fully to each Interrogatory and each request for production of documents by June 5, 2013," (Doc. 58 at 2); the Court did not condition plaintiff's compliance with its order on defendants' returning each incomplete or otherwise deficient Interrogatory to plaintiff, who apparently has not exercised the foresight to retain copies of those Interrogatories.

In addition to his untimely response to the motion to compel, plaintiff also submitted a document labeled, "Motion to introduce general statements and subpoena witnesss (sic) and evidence, documents," (Doc. 64). In this "Motion," plaintiff is endeavoring, as best as the Court can discern, to provide a succinct restatement of his claims against defendants; to delineate the evidence and witnesses he intends to present at the scheduled jury trial; to request the Court to issue subpoenas for identified witnesses to testify at trial; and to ask the Court to order (or have defendants produce) certain documents or other items which plaintiff can then introduce at the trial. Because of the sheer timing of the filing, it could also be construed as a response to defendants' motion to dismiss. But so construed, there is nothing in the filing

3

which addresses the arguments in support of a dismissal which defendants made in their dispositive motion.

This hybrid filing is difficult to catagorize, as it has elements resembling those contained in a pretrial narrative statement, in a motion for subpoenas, and in a request for the production of documents, the latter of which rightly should have been directed towards defendants. The confusing nature of this filing is evidenced by defendants' response, in which they maintain that they "are not exactly sure what the Plaintiff's purpose or intent is by filing of his motion," (Doc. 65, Response filed by Defendants Vickie Arnold, Jenny Ball, City of Morristown, Tennessee, Christian Newman, Roger Overholt, and Ron Sergeant at 1). Still, they address the submission as though it were as a motion to amend the complaint or a listing of evidence and exhibits plaintiff intends to introduce at trial and witnesses he intends to call, none of which, defendants contend, plaintiff has supplied to them in response to the Interrogatories they sent to plaintiff previously.

Be that as it may, as the Court has indicated, the order granting the motion to compel required plaintiff "to respond fully to each Interrogatory and each request for production of documents by June 5, 2013," (Doc. 58 at 2). This filing is not responsive to the order compelling plaintiff to comply with defendants' discovery requests and does not satisfy plaintiff's obligation to comply with that order.

Accordingly, plaintiff's "Motion to introduce general statements and subpoena witnesss (sic) and evidence, documents," (Doc. 64), is **DENIED**. Likewise **DENIED** as **MOOT** is the motion for joinder filed by defendants James Coffey, John Harvey, Ronnie Inman, and Esco Jarnigan, (Doc. 66).

4

Because plaintiff has failed to comply with the order requiring him to respond fully to defendants' discovery requests, defendants' joint motion to dismiss, (Doc. 61), will be **GRANTED** and this case will be **DISMISSED** for this *pro se* plaintiff's failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("[P]ro se plaintiffs are not automatically entitled to take every case to trial . . . . Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.") (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)).

A separate order of judgment will enter.

**SO ORDERED.**

**ENTER**:

*/s/ Leon Jordan*
LEON JORDAN
UNITED STATES DISTRICT JUDGE